■ In the Matter of the Claim of ROBERT W. DRURY, Appellant. COMMISSIONER OF LABOR, Respondent. [678 NYS2d 409] —Ap-

peal from a decision of the Unemployment Insurance Appeal Board, filed January 15, 1998, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was terminated from his employment as a funeral director after he refused to act as a pallbearer as requested by the employer's vice-president. At the ensuing hearing, the vice-president testified that claimant had assisted with pallbearing on several previous occasions and that, in this instance, the request for assistance was expressly approved by claimant's supervisor. According to the vice-president, claimant nevertheless refused to comply with the request because he believed that pallbearing was not part of his job description. In light of the fact that the failure to comply with an employer's reasonable request may constitute disqualifying misconduct (*see, Matter of Moucatel [Hudacs]*, 205 AD2d 822), we find that the Board's decision is supported by substantial evidence. Although claimant testified that he agreed to act as a pallbearer but that the vice-president inexplicably became enraged and left the funeral home, this created a credibility issue for the Board to resolve (*see, Matter of Williams [Sweeney]*, 240 AD2d 837). We have considered claimant's remaining contentions and find them to be without merit.

Cardona, P. J., Crew III, White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.